## *DAVID SMUCKER v. JAMES W. WRIGHT AND LEVI H. KAUFFMAN.

1. DEMURRER TO MATTER NOT DESTRUCTIVE OF CAUSE OF ACTION.

Upon the note on which suit was brought defendant's name was signed below that of the principal maker, and it was alleged that this was done under an oral contract of guaranty. A demurrer raising the question of the statute of frauds was overruled. Held, this was proper for if the averments complained of, in the petition, were stricken therefrom, and a cause of action left intact, a demurrer to the petition cannot be sustained. There is a cause of action on the signature of the note without the averment of an oral guaranty.

2. REFUSAL OF LEAVE TO FILE AMENDED ANSWER IS REVIEWABLE ONLY ON BILL OF EXCEPTIONS.

A pleading that can only be filed upon leave granted by the court, upon the refusal of leave, to preserve the question for a reviewing court, it must be incorporated in a bill of exceptions, otherwise it is no part of the record in the case. It is not made of the record by having the clerk's file marks, when the court refused leave to file.

3. WHETHER A STRANGER WHO SIGNS A NOTE AFTER DELIVERY BECOMES A GUARANTOR OR SURETY.

Quere: What relation does a party (a stranger to the original note) sustain to a promissory note, when after the execution and delivery of the note for a valuable consideration—he sign the note upon its face underneath the signature of the original maker. Is he a maker, surety or guarantor of payment?

4. MISTAKES OF COUNSEL AS A GROUND FOR NEW TRIAL FOR SURPRISE.

That counsel supposed the reason for overruling a demurrer to be different than it was.

* This case was dismissed by the supreme court, for want of preparation, June 16, 1891. For common pleas decision affirmed in this case see 9 Dec. R., 000 (s. c. 21 B., 106).

and hence expected certain testimony to be admitted which was excluded, where the supposed reason would have been an untenable one, is not a ground for new trial by surprise.

ERROR to the Court of Common Pleas of Logan county.

SENEY, J.

The defendant in error, Wright, brought an action in the court below against the plaintiff in error, Smucker, and the defendant in error, Kauffman, alleging in the petition in substance the following facts:

That on July 27, 1885, the defendant Kauffman made and delivered his promissory note to one W. B. Smith, for a certain sum of money; that the defendant Smucker had some interest and ownership in said note, but plaintiff was ignorant of the extent thereof.

That on August 1, 1885, the defendant Smucker induced plaintiff to purchase said note, and further, in consideration of the sum of fifty dollars, then and there paid him, agreed to, and he then and there guaranteed the payment of said note by contract not in writing, and in furtherance and pursuance of his said contract of guaranty of payment of said note, the said Smucker then and there signed said note by the initial signature of D. D. Smucker, placing his name under the signature thereon of Kauffman.

The petition sets out a copy of the note.

Before the maturity of the note, the plaintiff purchased the same.

That Kauffman is liable on said note as maker, and Smucker as guarantor of the payment thereof.

To the petition Smucker demurred, alleging as the grounds of demurrer, that the petition does not state facts sufficient to constitute a cause of action, misjoinder of parties, and a misjoinder of causes of action; which was overruled and exceptions taken.

Smucker then filed an answer and cross-petition, alleging in substance:

1. That Kauffman is a resident in Champaign county, Ohio, and a necessary party, and asks that he be made a party, and that summons issue.

2. That there is another action pending for the same cause.

After summons had been served upon Kauffman, Smucker filed an additional answer, alleging in substance:

First—That he denies an interest or ownership in said note; denies that in consideration of fifty dollars, or any sum, he agreed to guarantee the payment of said note; denies that he did, by contract not in writing, or by any contract, guarantee the payment of said note; denies that he signed said note by his initial signature of D. D. Smucker, or in any manner, either in furtherance or in pursuance of any contract of guaranty; denies that he is liable as guarantor, or in any manner; denies that there is anything due; the other allegations of the petition are not denied.

Second defense—Pleads the statute of fraud, viz., that said contract was not in writing, signed by him.

Third defense—That the note was obtained from Kauffman by fraud, alleging the facts that constitute the fraud, all of which was known to the plaintiff.

Fourth defense—That the original payee of the note entered into a certain contract with Kauffman, which he failed to perform.

Fifth defense—That the plaintiff is not the owner of the alleged contract of guaranty.

Sixth defense—That if Smucker should be held liable to pay the note, he prays for all proper and equitable relief against Kauffman.

To this answer the plaintiff demurred to each ground of defense; which demurrer was sustained to the second and sixth defenses, to which Smucker excepted. The demurrer was overruled as to the other defenses.

The defendant Kauffman answered:

First defense—Questioning the court's jurisdiction over his person.

Second defense—Averring a material alteration of the note, without his knowledge or consent, and with the knowledge and consent of the holder in this, to-wit, by procuring the name of D. D. Smucker to be subscribed thereto as an additional maker.

Third defense—Substantially the same as the third and fourth defenses in the answer of Smucker.

An amended answer was filed by Kauffman, in legal effect the same as his original answer. The plaintiff replied to the answer of Kauffman in substance:

First reply—Claims the court acquired jurisdiction over the person of Kauffman.

Second reply—In legal effect a denial of the second defense.

Third reply—In legal effect a denial of the third defense.

No reply was filed by Smucker to the answer of Kauffman.

A motion was filed by Smucker to strike from the reply the second and third replies, which was overruled, and exceptions taken.

Upon the issues the case was submitted to the court and the jury, and resulted in a verdict in favor of the plaintiff against Smucker, and in favor of the defendant Kauffman.

Smucker filed his motion for a new trial, alleging as his grounds:

Error in the court overruling the demurrer, error in the charge and refusal to charge; error in admitting evidence; verdict against law and evidence, and newly discovered evidence.

Before the motion for a new trial was passed upon, the court permitted the plaintiff to amend his petition to correspond to the proofs, against the objection of Smucker, and refused to allow Smucker to file an answer to said amended petition, to all of which Smucker excepted.

The motion for a new trial was overruled, and exceptions taken, and a judgment rendered upon the verdict in favor of Wright and against Smucker; no other judgment was rendered in the case.

I should have stated that upon the ground of error, of newly discovered evidence, alleged in the motion for a new trial, the affidavit of one of the counsel of Smucker was submitted, averring that counsel was taken by surprise; the surprise consisting of the action of the court upon the demurrer to the petition, and the court in effect ruling from the jury the parol testimony introduced to explain the signature of Smucker to the note.

The petition in error was filed by Smucker in this court to reverse the judgment of the court below, alleging as error, the same as stated in the motion for a new trial.

The first question that is presented upon the record to this court is, did the court below err in overruling the demurrer to the petition? The action was upon a promissory note, and the petition defined the relation that the defendants sustained to the note; this alone states facts sufficient to constitute a cause of action; the other averments in the petition, if stricken therefrom, would still leave the cause of action intact; their addition can not change the situation.

The contract is either in writing, or implied in law, and signed by the party, and the statute of frauds has no application. The name of Smucker being signed to the note, he is either a maker, surety, or guarantor, and under sec. 5009,

Rev. Stat., all the persons liable on the same instrument may be included in the same action.

We find no error in overruling the demurrer to the petition.

Did the court err in sustaining the demurrer to the second and sixth defenses of the answer? We think not.

. The second defense makes the question of the Statute of Frauds. As we have said—it has no application.

The sixth defense is simply a prayer for relief without any facts plead to inform the court as to why the relief should be granted.

We find no error in the court overruling the motion to strike from the reply prejudicial to the plaintiff in error; it was asking the court to strike from the reply a denial of what the plaintiff in error had averred in his answer.

Did the court err in permitting the plaintiff in error to file an amended petition, and in refusing to permit the defendant, Smucker, to answer thereto?

Filing amended pleadings to correspond to the proofs in a case is authorized by the statute, under a sound judicial discretion; whether the evidence justified the filing of the amended petition, and the court abused its discretion, we can not say, as the evidence of the case is not before us.

Whether the court abused its discretion in refusing to permit an answer to be filed, we can not say, for we don't know what the answer contained. True, we find an answer among the papers, marked "filed" by the clerk; if it is the answer presented to the court to be filed, it was refused and has no place among the papers in the case. To preserve the question for review it should have been incorporated in a bill of exceptions; otherwise it is no part of the record in the case.

Under the authority of Farr v. Ricker, 46 O. S., 265, we hold that the requests to charge were properly refused. Under the same authority we also hold, that the court committed no error in taking from the jury the consideration of the parol evidence that had been introduced to explain the signature of Smucker to the note.

Did the facts set forth in the affidavit of counsel disclose such a state of facts, as amounts to surprise?

The court, by overruling the demurrer, could not mislead counsel; it was not saying that parol testimony would be permitted, and even if it had, it would have been erroneous—considering the testimony competent for the purpose of reforming the note. Smucker nowhere in his pleadings, asked for a reformation; it could not have been granted, for so far as the record discloses, the testimony was conflicting; not such clear and convincing proof that is required to reform written contracts. Besides this, Kauffman, in his answer, charged him as an additional maker. This conveyed the information to Smucker, that if his signature was placed to this note for the purpose he claimed, reformation was necessary to avail him in his claim.

We find no error in the action of the court below. This disposes of all the questions excepting the charge of the court, and so far we are unanimous.

As to the charge of the court in reference to whether Smucker is liable as maker or guarantor of payment, we disagree.

The majority of the court hold that he is a guarantor of payment. As to the effect of being a guarantor of payment, the majority disagree; one of the judges holding that under the pleading and judgment, the charge of the court below in saying Smucker was a maker, was not prejudicial—and not being prejudicial, the judgment must be affirmed. The other judge of the court holds the charge of the court as sound law. This disagreement prevents an opinion from the court as to the law embraced in the charge of the court below. I overlooked the objection to the introduction of the letters from Smucker to Kauffman. We think Smucker was not prejudiced by this introduction.

I also call attention to the fact that the record only shows the judgment in favor of Wright against Smucker—there is no judgment in favor of Kauffman against Wright.

Judgment will be affirmed, with costs, and cause remanded for execution.

F. J. Howenstine, for Wright.
West, Brown & West, for Kauffman.
Wm. Lawrence and D. S. Hounshell, for Smucker.